Entered on Docket
March 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 21, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 07-31444DM
PIER 38 MARITIME RECREATION CENTER,)
INC.,                              ) Chapter 7
                                   )
             Debtor.               )
_____)
CARL ERNST, JR., individually and  ) Adversary Proceeding
as successor in interest to debtor ) No. 10-3277DM
PIER 38 MARITIME RECREATION CENTER,)
INC.,                              )
                                   )
             Plaintiff,            )
                                   )
v.                                 )
                                   )
MONIQUE MOYER; THE CITY AND COUNTY )
OF SAN FRANCISCO and DOES 1-20,    )
INCLUSIVE,                         )
                                   )
             Defendants.           )
_____)
```

MEMORANDUM DECISION ON MOTION TO REMAND

I. INTRODUCTION

On July 23, 2010, plaintiff Carl Ernst, Jr. ("Ernst") filed an action in the San Francisco Superior Court against Monique Moyer, the City and County of San Francisco by and through its Port Commission (together "Port") and fictitious defendants Does 1-20. Port removed the action to this court on December 20, 2010. Thereafter, Ernst filed a Motion To Remand (the "Motion") which Port opposed. The Motion came on for hearing before the court on

March 11, 2011. Appearances are noted in the record.

For the reasons explained below, the court will grant the Motion and remand this adversary proceeding to the San Francisco Superior Court.

## II. DISCUSSION

The court has jurisdiction over this removed adversary proceeding. The adversary proceeding is a non-core proceeding, and it is related to the underlying bankruptcy of Pier 38 Maritime Recreation Center, Inc. in that the outcome of this action will have an effect on the estate and is related to it. The court notes, in passing, that if it does not have jurisdiction, remand to Superior Court is not only appropriate but is required.

While Port contends that removal to this court was based upon authority in addition to 28 U.S.C. § 1452(a), remand is considered under 28 U.S.C. § 1452(b) on "any equitable ground." Ernst and Port agree that in determining those equitable grounds for remand, the court may draw upon principles that are found in cases dealing with abstention rather than removal, such as Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162 (9th Cir. 1990). After considering the Tucson Estates factors, the court concludes that at least seven of them weigh in favor of granting the Motion and remanding to Superior Court; only one factor weighs strongly in Port's favor; the remaining factors appear to be neutral.

The court will turn first to the factors supporting remand:

1. Effect on the efficient administration of the estate. The court has entered an order suspending all proceedings in the underlying bankruptcy case pending the outcome of the within

Case: 10-03277    Doc# 25    Filed: 03/21/11    Entered: 03/22/11 13:42:56    Page 2 of 5

dispute between Ernst and Port. Thus if this matter were retained here it would have little effect on the administration of the estate; it has even less effect by remand in that the trustee in bankruptcy, all parties in interest in the underlying bankruptcy case, and the court simply will await the outcome of the dispute.[1]

    2. <u>State law issues</u>. There are virtually no issues in this action that turn on other then state law.

    3. <u>Jurisdiction apart from 28 U.S.C. § 1334</u>. Port's citation to other statutes is not convincing and the court believes that this matter exists only in this court because of the underlying bankruptcy of Pier 38 Maritime Recreation Center, Inc.

    4. <u>Degree of relatedness or remoteness to the main case</u>. See discussion in subparagraph 1, <u>supra</u>.

    5. <u>Burden on the court's docket</u>. The court understands the trial of this matter will involve numerous witnesses and trial by jury. Ernst has demanded a jury and has not consented to a jury trial in this court. Thus, this court will necessarily be required to handle all pre-trial matters. Thereafter, the district court would have to open a case, convene a jury and preside over a trial. These are burdens on two courts' dockets that will be avoided with remand.

    6. <u>Jury trial</u>. See discussion in subparagraph 5.

    7. <u>Presence of non-debtor parties</u>. No party to the present adversary proceeding is a debtor before this court.

The neutral <u>Tucson Estates</u> factors are the difficulty or

---

[1] The court accepts counsel for Ernst's representation that the remanded action is likely to go to trial sometime during 2011. If that prediction is incorrect, the trustee and the estate will have to wait longer.

-3-

Case: 10-03277    Doc# 25    Filed: 03/21/11    Entered: 03/22/11 13:42:56    Page 3 of 5

unsettled nature of applicable law; the presence of a related proceeding commenced in state court;[2] the substance rather than the form of the asserted core proceeding; and the feasibility of severing state law claims.

The only factor that weighs heavily in Port's favor is that of forum shopping. To say that Ernst has engaged in forum shopping is an understatement. His conduct in this case is more like the shopper who browses for a car in the showroom, test drives one and convinces the salesman that he is going to buy, only to go home and purchase the exact same vehicle on-line. Ernst commenced his first adversary proceeding against Port in this court, thereafter unsuccessfully removed Port's unlawful detainer action and then amended his complaint, only to dismiss it in response to Port's motion to dismiss and threatened sanctions motion. That course of conduct makes for a strong case of estoppel to be invoked against Ernst, particularly when, as noted above, the court believes it does have jurisdiction over this action.

To deny the Motion would reward Port for Ernst's conduct, but would not mitigate the impact of the several factors summarized above that justify remand.

In summary, the court concludes that the proper forum for final resolution of Ernst's and Port's disputes is the San Francisco Superior Court.

---

[2] The court earlier thought that an unlawful detainer action commenced by Port against Ernst was related to this matter but counsel for Ernst explained otherwise. Upon remand the Superior Court can decide whether or not to handle the remanded action with the unlawful detainer action.

-4-

III. <u>CONCLUSION</u>

    Remand is appropriate. The court is issuing an order remanding this matter to the San Francisco Superior Court concurrently with the issuance of this Memorandum Decision.

              \*\*END OF MEMORANDUM DECISION\*\*